# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHANIEL THOMPSON, ) ) Plaintiff, ) ) vs. ) INDIANA PAROLE BOARD, et al., ) ) Defendants. ) | Case No. 1:14-cv-0330-WTL-DKL |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"[W]hen a state prisoner seeks damages in a [42 U.S.C.] § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. . . ." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

The law regarding habeas corpus as the exclusive remedy in federal court for a federal prisoner to secure his release has not changed since the complaint and the amended complaint of plaintiff Nathaniel Thompson were first screened. *Muhammad v. Close*, 540 U.S. 749, 751 (2004)(where "success in a . . . 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."). The same is true regarding the non-accrual of a claim for damages under the circumstances described in *Heck* and the application of that principle to re-incarceration or continued incarceration pursuant to the order of parole authorities. *Littles v. Bd. of Pardons and*

*Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995) (applying *Heck* to parole revocation). A favorable decision on Thompson's claim would necessarily call into question the revocation of his parole. *See White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that § 1983 claim based on revocation of parole was barred by *Heck*; "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [plaintiff's] parole and ordering him back to prison. *Heck* therefore applies, and the § 1983 action is not cognizable in a federal court").

Despite the foregoing, plaintiff Thompson continues to seek his release from state custody and continues to seek damages from those he contends are responsible for his present custody. These claims are not actionable until and unless he successfully challenges the revocation of his parole.

Because Thompson is a "prisoner" as defined in 28 U.S.C. § 1915(h), his complaint must be screened and the action dismissed if the complaint fails to state a claim upon which relief can be granted. *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008). Labeling or even submitting the second amended complaint as a petition for writ of habeas corpus does not change the character of this action from the civil rights form it took at the outset because the court is not free to convert the civil rights action to a habeas action. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996).

For the reasons noted above, Thompson's initial complaint and his amended complaint were dismissed as legally insufficient. The second amended complaint suffers from the same deficiency and no separate viable claims have been asserted. The dismissal of the action is now required. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). The dismissal shall be without prejudice.

All pending motions [dkt 11, 12, 13 15] are denied as moot.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 3/19/15

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

NATHANIEL THOMPSON
870532
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064